Case number 25-5033, David J. Rudometkin, appellant, versus Daniel Driscoll in his capacity as Secretary of the U.S. Army. Ms. Gay, co-owner, BNN Security for Appellants, and Mr. Walker for the attorney. Ms. Gay, good morning. Good morning, your honors. May it please the court, Christina Gay is court-appointed amicus counsel for appellant David Rudometkin. This case should be simple. Mr. Rudometkin is a pro se federal prisoner who did not receive a copy of the district court's judgment because it simply never reached him in prison. When he finally learned about it two months later from a third party, he filed a document with the district court that explicitly requested additional time. That request cited Rules 4A.5 and 4A.6 by name, and it identified the exact ground that Rule 4A.6 recognizes for reopening the time to appeal. That is a motion for more time to appeal by any measure. The only even arguable problem was that the filing was labeled as a notice of appeal rather than a motion for more time. But this court's precedents are already clear. The captioning doesn't matter. Substance controls. The government argues this was still not enough, that Mr. Rudometkin's filing had to go further and preemptively rebut factual arguments the government might later raise just for his filing to be treated as a motion. But that standard has no basis in the rules. It is irreconcilable with the duty to construe pro se filings liberally, and not a single circuit to have addressed this question has demanded anything of the kind. And the government has no facts that would actually defeat Mr. Rudometkin's extension request in any event. This court should reject the government's approach, join the consensus of the other circuits, and ensure that Mr. Rudometkin's appeal is fairly heard. You're right that this document seems to check off some of the formal requirements one might think for a motion, but it's awfully bare bones. This is just a one-sentence assertion. I never received notice. So I'd push back a little bit on the notion it was just a one-sentence assertion. If you look at the Notice of Appeal on page 13 of the Joint Appendix, Mr. Rudometkin says he never received an order from the court. He then says he only became aware through a third party that an order was entered. And then later he says in the event this Notice of Appeal doesn't reach the court in time, he requests an extension of time as this Notice of Appeal meets the timing deadlines, and he never received notice under Rule 77D. I think that's a lot of information for the court and the government to work with. I also would urge this court to look at the Notices of Appeal that other courts of appeals have uniformly treated as sufficient. They're far more bare bones than this. They often have one, maybe two sentences saying something like, Notice is hereby given. I'm appealing. I received notice on fill in the blank. Those are all fair points, but I guess I'm comparing it to the response he filed in our court on the order to show cause. That looks like a full development of the issues and argument for more time. So, I don't know that this court's pro se precedents or precedents on the meaning of the word motion have any sort of requirement about how many sentences, how much detail you have to give. I think the key point is whether it indicates the ground you're moving on and shows that you're requesting more time. I think this motion just plainly, clearly does that. It should put everyone on notice he's asking for more time, and it gives the district court and the government enough to work with to know what the ground is. Here, the ground is that he never received a notice of the order under Rule 77D because it either wasn't mailed to him, got lost in the mail, something of that sort. That's enough information for the government to work with if they'd like to oppose the motion. I'd also note the government's, the way I understand their response, I don't understand it to be making really the argument you're making of, you know, this wasn't quite enough to know what we're moving on or it was too bare bones. Their argument is he needed to rebut a potential counter-argument about whether he got notice from the government, but I just don't think this notice leaves that possibility open at all because he explicitly says he never received notice under Rule 77D. You go to Rule 77D, it covers notice from the clerk or another party, and then he says he only became aware of the order from a third party. And the government now, I understand on their brief, page 25, is agreeing that he didn't receive Rule 77D notice from the government. They didn't serve him with the notice, so I think they're asking this court to reject this notice as a motion based on a hypothetical they know is false, and so there's really no reason for him to kind of go above and beyond to anticipate it and pre-butt it when I actually think what he did in here already is doing enough to pre-butt kind of that potential counter-argument against his notice. What about the lack of a sworn statement? So, I don't believe... Does that make a difference? No, Your Honor, I don't think that's a requirement for a motion for more time. If you're talking about the prison mailbox rule, I believe that's a separate issue in this case. I'm not worried about that. I would think, maybe this just isn't before us, but I would think the district court would not have abused its discretion had it declined to extend the time on the ground that this document is a little bit too flimsy. Maybe what you're saying is that's a different question from what we have, which is just the threshold question, whether he filed a motion, something that qualifies as a motion. Exactly, Your Honor. I also, I don't know that the kind of abusive discretion question is before you because the district court here simply transmitted the notion to this court. There's no record of, you know, whether it construed it as something, any record of how it exercised its discretion, so now the question is before you, kind of on a de novo standard. I would say, to the extent you thought there was an abusive discretion standard, I think this actually probably would meet it. I do think it is clear enough, and I don't understand the federal rules to require some sort of sworn statement or a particular evidentiary burden to get a motion for more time. Of course, if the government, you know, thought this was too flimsy and wanted to rebut it, they could, but I don't understand the government to be saying that they will even oppose this motion on remand. You certainly have cases in your favor. The one that might be contrary to you is the Third Circuit decision in Poole. Do you have an argument that that's distinguishable, or somehow the issue wasn't presented properly, or is there already a circuit split? Yeah, so I don't think there's a circuit split, although I recognize some courts have cited Poole as coming out differently. I think if you, you know, read it closely, the way I understand that case is it was a bare notice of appeal, so simply a notice that just said, notice is hereby given, I'm appealing, but doesn't include something about not receiving the judgment. And what then Judge Alito's opinion says is this is a simple notice of appeal, it doesn't qualify, we need a motion, but I don't think the question was before the Third Circuit of what to do with a notice like this that goes beyond being a bare notice of appeal. We haven't found Third Circuit cases, you know, grappling with this question after that to the extent, you know, the court is thinking about a circuit split. I think it would create a circuit split to rule against me here. I think all of the other courts that have grappled with this issue have come out my way and well-reasoned opinions, including Judge Sutton's in the Winters case. Have you thought about what this means in practice? So this sort of relates to Judge Katus' question. Is it, do you expect the government in a case like this to just recognize this as a motion? Maybe the answer is it's on the district court to recognize it as a motion and maybe direct a response. Have you given thought to that? Because it could sound pretty burdensome on district courts. Yeah, absolutely. I've given some thought. I think what you just contemplated, Judge Garcia, of the district court ordering a response or putting out some sort of, you know, minute order saying, I'm treating this as a motion, this is a motion for more time. Government, you have seven days to respond, would absolutely be the best practice. I wouldn't want the other side to be penalized for, you know, relying on the caption of a document. I have looked into how this plays out in the Fourth Circuit, which has adopted kind of the line that I've drawn between bare notices of appeal and notices of appeal that say something about timing. In that circuit, you know, sometimes if the notice is pretty clear, like this one, you know, the other side will oppose it, whether or not the district court puts out an order. Sometimes, though, if it's more ambiguous, the district court will just transmit it to the Fourth Circuit. The Fourth Circuit will receive the briefing, put out a per curiam order remanding for the district court to rule on the motion. Often, the district court will rule within a matter of days and transmit the supplemented record back to the Court of Appeals, come back on the exact same docket number. The full briefing is still there. So, it's not much in the way of burden or delay. It's not a heavy burden, but it does seem a little unfair to district courts. I mean, court enters a final order, it says it's done with the case, go to the Court of Appeals, somebody files something that's called a notice of appeal, and I can't imagine district courts routinely read notices of appeal to figure out which ones have motions buried within them. Yeah. So, I'm not sure what district courts are doing. I do think, though, this court's pro se precedence emphasizing that captioning doesn't control does suggest district courts should be reading, you know, the documents filed on their document, setting aside what the caption actually says it is. But, of course, I understand there's going to be hard cases. I don't think this one is. Perhaps a case we'll talk about later could be a little bit harder, where the district court naturally may transmit it, and then this court can treat it as a motion in the first instance and remand the case back. I do think it's fair to make the point you made that, as a general matter, people should read things that are presented to them. But Mr. Grudemekin was presented with a reply brief that let him know of what he says he didn't know. So, why didn't he just read the reply brief? So, I think what he actually has said in his reply to the show cause order in this court is that he hadn't been getting any of the district court orders or any mail since November of 2024, and that reply brief was December of 2024. So, I think it's fair to assume from his assertions. He may not have even gotten that. He may not have even gotten that reply. Two days before, he may not have gotten that. Exactly. To the extent, you know, you're wondering whether that would count as Rule 77D notice, the government has not made that argument. I think, you know, assertion buried in the background of another filing wouldn't probably count as notice of entry of a judgment served on the party, but I don't understand the I probably should have been wondering if it was a Rule 77 problem. Don't mean to give you ideas. If there's no further questions, I'll give you some more bubble. Thank you. Good morning, Your Honors. Good morning. Good morning. May it please the court, Johnny Walker for the Secretary of the Army. Your Honors, the government and amicus agree that to have expected the district court to construe Grudemekin's notice of appeal as a motion to reopen or extend, it would have had to meet two requirements. The first requirement, it was explicitly ask for those things, which it did. So the second requirement is they would have to explain the basis to either extend or reopen the time to appeal, and the government submits that it did not do that. Why not? Because, Your Honor, I think it plaintiff never received notice of this court's order, only became aware through a third party that the order was entered. I think, Your Honor, in matters of pleading and proof, as a general litigation practice, courts find facts convincing, not labels. All that Mr. Grudemekin offers is labels on that. It's an allegation of fact, and I think the most you could say is what I was pressing the amica on, which is there's arguably not a lot of detail, and there's not a sworn statement, but the basis for the motion is just laid out right there. But only in conclusory terms, Your Honor. So I think it helps to take it as the two buckets, both the request to extend and the request to reopen, because the requirements are slightly different for each. So on the request to extend, what he would have to show there is excusable neglect or good cause. And the reason he doesn't do that is because he doesn't say when he received notice. It does say, you know, I did not receive notice from the court, but he also acknowledges in the same document that he did receive notice from a third party. But he doesn't say when that notice was received. There's no timeline on that at all. So having acknowledged that he received a notice of the order, but not when or what steps he took following that, he has not shown excusable neglect or good cause. Now, on the reopening, he gets closer, because a reopening requires— Fair enough. But do I have the chronology right? The deadline for the appeal was February 3rd, and the postmark is February 7th. That's correct, Your Honor. And the date on the notice of appeal, the date that he put on the document is February 3rd. So, I mean, there's not a huge open question about what's happening in a long intervening period of time. No, but the real question is what happened after the order was issued. So, he acknowledges that he received notice of the order at some point from a third party, but not when. So it could have been a week after the order was issued, could have been two weeks after the order was issued. He doesn't say in the notice of appeal when that was. He never lets anyone know that until he responds to this court's show cause order, in which he said he did not any notice from the third party until the first week of February. I agree with you that a 4A-5 is harder for him, but this discussion sort of gets at this question we were discussing about how to keep the line between whether this is a motion, whether it should have been treated as a motion, and whether it's a good motion. And the one thing you know from reading this piece of paper is he's asking for more time to file his appeal. So maybe, without providing the exact date that he received it, it's not a good motion, and the district court can figure out how to deal with that. But I guess it's hard for me to see why it's not the right answer to say it should at least be construed as a motion. Maybe the district court denies it. Maybe the district court, if it is so inclined with a pro se litigant, tries to get more information from him. But to just say it's not a motion seems like a bit of a stretch. Well, as I say, we all agree on the two requirements for here, because I mean we're looking at whether or not the district court abused its discretion by not treating it as a specific motion. And I think there it has to be a little bit more than just a motion. It has to do more than just ask. It has to explain. I'm not sure it's abuse of discretion though. Judge Garcia's focusing you on the threshold question, whether this is a motion, not whether the court abused its discretion in denying it. Well, I think there's a, if you're looking at this through the lens of did the district court err by not itself construing this notice of appeal as a motion, I think that the standard of review is abuse of discretion. And I think that comes from a few different places. Number one, we cite a case in our standard review section in Ray Jones in which this court looked at precisely that question, whether or not the district court should have construed something as a motion under an abuse of discretion standard. It doesn't really say where that standard was coming from, but I think it comes from two places. One is sort of the, you mentioned Judge Katz's, the underlying question is whether or not, if the district court grants or denied the motion, the review would be abuse of discretion. But there's also. Right, but that seems like a separate later question that isn't before us yet. Right, but there's also abuse of discretion standard that applies to the district court's sort of inherent authority to manage its docket in an efficient way. And here, to the extent the district court is reviewing this and not treating it as a motion, that is sort of an exercise in its discretion not to respond to every single request and every single document by a pro se part. It's not exactly obvious that the district court, we just don't know, we could presume that they did, that they looked at this, considered whether to treat it as a motion or not. And I can reread in Ray Jones, but do you recall whether that feature was present in that case? In other words, was it clear that the district court had considered whether to construe it as this or that? I don't recall whether it was clear in that case, Your Honor. And I do, this brings up another point that I wanted to address that you brought up, Judge Garcia, which is how this would work in a practical way. And I completely agree with you, Judge Katz, that it is somewhat unfair to expect a district court to review a notice of appeal in detail to determine whether or not there's a request. I agree with that, but it seems like the Supreme Court has foisted that on us in the parish, saying that a single document can be a notice of appeal and a motion. Well, the reason I think it's so unfair to put this on a district court is if you look at Rule 4, the notice of appeal is actually addressed to the clerk of the district court and not even to the judge. So it's not necessarily a document that's put formally before the district court judge. And the clerk's office, as far as I know, forms a screening function for prisoners and IFP plaintiffs when a case comes into the district court, but not when it comes out. This court, I understand, performs a screening function when cases come up on appeal. That's how we ended up with the show cause order to Mr. Rudemetkin. So to the extent that screening is going to occur, I think would occur in this court and not in the district court. But getting back to parish, so the parish was a little bit different than this case. This case is framed a little bit uniquely from the other cases like parish and that have been cited by amicus, where the court is looking at, it's been framed as whether or not the district court committed an error. In most of the cases, it is the court of appeals that has construed the notice as a motion and has simply asked the district court to rule on that motion. So it sort of construes there being an open motion to extend on the district court's docket and it directs the district court to rule on that motion. So there's not this analysis of whether or not the district court committed an error by not itself construing it as a motion. So I assume you've read the appeal in the Sixth Circuit case and in parish itself and they fit what Ms. Gay describes. Literally just three sentences. I appeal. The order was dated X. I got the order on date Y. Respectfully submitted. It seems like your rule would mean that those shouldn't have been construed as motions. Do you agree with that or do you have some distinction of those? There is a distinction. There is a distinction, which is if all Rudemetkin had said was I did not receive the district court's notice from the court or any party under Rule 77, I think that would be sufficient to construe this as a motion to reopen. The problem with Rudemetkin's notice of appeal, as we explained in our brief, is he acknowledges having received the notice from a third party, which leaves open the possibility that he did receive the order from the government because it does not have to be from the court. He does say plaintiff has never received notice of the court's order as per FRCP 77D1, which is pretty close. But then he goes on to say that he did receive notice of the court's order from a third party. So I understand it's close, but we do think it at least leaves open the possibility, if you're looking at this from an abuse of discretion perspective, that the Let me back to the standard of review point. There's a legal question about what counts as a motion. And then there's an application question about whether this document satisfies whatever that criterion is. And you're saying, well, it's it's too flimsy. It's not explained. That sounds like an application of Twombly and Iqbal standards to a complaint. Is it too conclusory? Is it too thin? Right? And we review application of Twombly and Iqbal questions de novo. Why wouldn't we do that? I think that would expand quite quickly because pro se plaintiffs, they can ask for conceivably infinite things in their filings, right? And we don't want, I think you want to avoid a rule where a district court judge has an obligation to go through every filing and respond to every request. So I think the more robust standard makes sense is that it has to be a little bit more than a request. There has to be some oomph behind it. There has to be an explanation of the basis for that request that triggers a district judge's obligation to specifically address it and respond to it. And I think that's consistent with, again, the position Amicus takes and the positions that the other courts of appeals who have addressed this have taken, where they do in fact look at not just whether the request is in there, but whether there's a justification behind the request. Thank you, Your Honor. Please dismiss the appeal for lack of a better term. Ms. Gay, we'll give you two minutes. Thank you, Your Honor. Just two quick points. First, on the standard of review, I do think it's de novo, but I also don't think it matters, in part because treating this filing not as a motion would be a clear abuse of discretion, regardless of whether denying it on the merits would be an abuse of discretion. That's a separate question that is not before this court in this appeal. Second, as to whether or not this should be treated as a motion, I understand the government's only argument to be that he didn't sufficiently explain the basis, but of course he said he didn't receive notice under Rule 77D, which is a quote from Rule 486. Whether or not that suffices for the district court is a question for the district court on the merits. Then, as best I understand the final argument, it is that because he went further and said he received, he became aware of the filing from a third party, that takes him out of the Rule 486, Heartland. I just respectfully think that's a bit of a stretch. Of course, a third party does not encompass the party, which would here be the government. I don't think the government's standard is workable. I think this court would be creating a circuit split if it disagreed with me here, so we ask this court to remand for the district court to rule on the motion. Thank you. Ms. Gay, we appointed you as an amica in this case to support Mr. Rudemenkin, and we thank you for your assistance. The case is submitted.
judges: Katsas; Walker; Garcia